OPINION
Defendant-appellant William D. Long appeals from his conviction and sentence for Driving Under Suspension, following a guilty plea. Long contends that the trial court erred in accepting his plea without first advising him of the consequences of that plea, in accordance with Crim.R. 11(E). We agree. Accordingly, the judgment of the trial court isReversed, and this cause is Remanded for further proceedings.
I, Defendant-appellant William Long was arrested and charged with two counts of Driving Under Suspension, apparently based upon one act. It appears that there may have been two suspensions in effect, resulting in the two charges.
Long waived his right to counsel, appeared before the trial court, and tendered a plea of guilty. The trial court accepted the plea, after advising Long of the potential sanctions that might be imposed, and of the various rights that he would be waiving by pleading guilty. However, the trial court never advised Long that the effect of his guilty plea would be a complete admission of his guilt.
After the trial court accepted Long's plea, it merged the two counts, and found him guilty of one count of Driving Under Suspension. The other count was dismissed. The trial court then afforded Long an opportunity to be heard before sentencing, following which the trial court imposed a sentence of 180 days in jail, but suspended 90 days, leaving a balance of 90 days to be served. Long was also fined $350.00 plus costs.
From his conviction and sentence, Long appeals.
 II
Long's sole assignment of error is as follows:
 THE COURT ERRED IN FAILING TO ADVISE THE DEFENDANT OF THE EFFECT OF HIS PLEA OF GUILTY AS REQUIRED BY CRIM.R. 11(D) OR (E).
As a preliminary matter, the parties disagree about whether Long's offense was a "serious" misdemeanor offense, concerning which Crim.R. 11(D) is applicable, or a "petty" misdemeanor offense, concerning which Crim.R. 11(E) applies. For purposes of analysis, we will assume that the State is right in asserting that the offense is a petty offense, covered by Crim.R.11(E), which provides, in pertinent part, as follows:
 In misdemeanor cases involving petty offenses the court may refuse to accept the plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
Long has directed our attention to State v. Roberson (June 20, 1997), Montgomery App. No. 16052, unreported. In that case, we held that a trial court had erred by accepting a plea in a misdemeanor case involving a serious offense, because the trial court had failed to advise the defendant of the effect of her plea. Because that was a serious misdemeanor offense, it was covered by Crim.R. 11(D), which provides, in pertinent part, as follows:
 In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily.
Thus, Crim.R. 11(D) and (E) both require, as a predicate for accepting a plea of guilty or no contest, that the defendant be informed of the effect of the pleas of guilty, no contest, and not guilty, but Crim.R. 11(D) includes the additional requirement that the trial court determine that the defendant is making the plea voluntarily. It is apparent from our opinion in State v. Roberson, supra, that we held in that case that the deficiency in the taking of the plea was the trial court's failure to have informed the defendant of the effect of a guilty plea. Thus, it was based on the requirement that is common to both Crim.R. 11(D) and (E). Therefore, it matters not which division of Crim.R. 11 is applicable, (D) or (E), the acceptance of Long's guilty plea suffers from the fatal deficiency that it was not preceded by informing him of the effect of his plea — that is, that his plea would be a complete admission of his guilt.
The State argues that this failure is not prejudicial in Long's case, because he subsequently admitted, when invited to address the court before sentencing, "The only reason I was driving that night was because my wife is pregnant and she was sick. I went out to get medicine for her." We recognize that this admission can be used against Long as evidence of his guilt, but it does not constitute the complete judicial admission of guilt represented by a guilty plea. Long might attempt to contradict his statement. Alternatively, Long might challenge the State's proof that he was under suspension when he made the trip that he was referring to.
Because the trial court erred by accepting Long's guilty plea without first informing him of the effect of that plea, as required by either Crim.R. 11(D) or (E), Long's sole assignment of error is sustained.
 III
Long's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
BROGAN and YOUNG, J. J., concur.